

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Trevor A. Chenoweth*
*Assistant U.S. Attorney*

*970 Broad Street, 7ᵗʰ floor*
*Newark, New Jersey 07102*

*973-645-2711*

*TAC/PL AGR*
*2024R00357*

May 13, 2025

Maximillian A. Novel
Novell Law LLC
26 Journal Square Plaza, Suite 1201
Jersey City New Jersey 07306

Re:  <u>Plea Agreement with Flavio Bladimir Astete Castillo</u>
25-CR-651 (CCC)

Dear Mr. Novel:

This letter sets forth the plea agreement between your client, Flavio Bladimir Astete Castillo ("CASTILLO"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **May 30, 2025**, if it is not accepted in writing by that date. If CASTILLO does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

Conditioned on the understandings specified below, this Office will accept a guilty plea from CASTILLO to a two-count Information, which charges CASTILLO with conspiracy to sell and receive stolen property, contrary to 18 U.S.C. § 2315, in violation of 18 U.S.C. § 371, and receipt of stolen property, in violation of 18 U.S.C. §§ 2315 and 2. If CASTILLO enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against CASTILLO for conspiring to receive or possess property that had been stolen after crossing state lines, or having actually received or possessed said property on or after March 28, 2024, and on or before April 19, 2024.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against CASTILLO even if the applicable statute of limitations period for those charges expires after CASTILLO signs this agreement, and CASTILLO agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. § 371 to which CASTILLO agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of 5 years, and the violation of 18 U.S.C. §§ 2315 and 2 to which CASTILLO agrees to plead guilty in Count Two of the Information carries a statutory maximum prison sentence of 10 years. Both counts carry a statutory maximum fine equal to the greatest of: (1) $250,000, (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentences imposed on Counts One and Two may run consecutively to each other or to any prison sentence CASTILLO is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon CASTILLO is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence CASTILLO ultimately will receive.

Further, in addition to imposing any other penalty on CASTILLO, the sentencing judge as part of the sentence:

(1)    will order CASTILLO to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing,

(2)    must order CASTILLO to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*,

(3)    must order forfeiture, pursuant to 18 USC § 981(a)(1)(C) and 28 USC § 2461, and

(4)    pursuant to 18 U.S.C. § 3583, may require CASTILLO to serve a term of supervised release of not more than 3 years per count, which will begin at the expiration of any term of imprisonment imposed. Should CASTILLO be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, CASTILLO may be sentenced to not more than 2 years of imprisonment per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment

- 2 -

set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, CASTILLO agrees to pay full restitution to the victims of the offenses of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victims for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|--------|--------|
| Victim #1 | at least $42,320.00 |
| Victim #2 | at least $40,000.00 |
| Victim #3 | at least $57,947.49 |
| Victim #4 | at least $171,065.00 |

<u>Forfeiture</u>

As part of CASTILLO's acceptance of responsibility, and pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), CASTILLO agrees to forfeit to the United States all of right, title, and interest in any property, real or personal, which constitutes or is derived from proceeds CASTILLO obtained that are traceable to the offense(s) charged in Counts One and Two of the Information. CASTILLO further acknowledges that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is entitled to forfeit substitute assets equal to the value of the proceeds obtained by the defendant (the "Money Judgment"). CASTILLO consents to the entry of an order requiring CASTILLO to pay the Money Judgment, in the manner described below (the "Order"), and that the Order will be final as to CASTILLO prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. CASTILLO further agrees that upon entry of the Order, this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the

Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

CASTILLO waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. CASTILLO understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise CASTILLO of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. CASTILLO waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. CASTILLO further understands that CASTILLO has no right to demand that any forfeiture of CASTILLO's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon CASTILLO in addition to forfeiture.

CASTILLO further agrees that, not later than the date CASTILLO enters a guilty plea, CASTILLO will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If CASTILLO fails to do so, or if this Office determines that CASTILLO has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on CASTILLO by the sentencing judge.  This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of CASTILLO's activities and relevant conduct with respect to this case.

Stipulations

This Office and CASTILLO will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations.  Nor do these stipulations restrict

- 4 -

the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and CASTILLO waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

CASTILLO understands that if he is not a citizen of the United States, his guilty plea to the charged offenses likely will result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. CASTILLO understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. CASTILLO wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. CASTILLO understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, CASTILLO waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. CASTILLO also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

- 5 -

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against CASTILLO. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude CASTILLO from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between CASTILLO and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:     TREVOR A. CHENOWETH
Assistant U.S. Attorney

APPROVED:

Benjamin Levin
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, Maximillian Novel, Esq. It has been translated for me into Spanish. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


X. Astete . C.
_____                    Date: 5/4/24
Flavio Bladimir Astete Castillo


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____                    Date: 5/21/25
Maximillian Novel, Esq.
Counsel for Flavio Bladimir Astete Castillo


- 7 -

Plea Agreement with Flavio Bladimir Astete Castillo ("CASTILLO")

## Schedule A

1.     This Office and CASTILLO recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.     The version of the Guidelines effective November 1, 2024 applies in this case.

Count 1: Conspiracy to Receive Stolen Property

3.     The applicable guideline is U.S.S.G. § 2B1.1(a)(2) because CASTILLO committed offenses with statutory maximum terms of imprisonment of less than 20 years. This guideline carries a Base Offense Level of 6.

4.     Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), CASTILLO is subject to a 12-level enhancement because the total loss from the offenses was more than $250,000 but $550,000 or less.

5.     Thus, the applicable offense level is 18.

Count 2: Receipt of Stolen Property

6.     The applicable guideline is U.S.S.G. § 2B1.1(a)(2) because CASTILLO committed offenses with statutory maximum terms of imprisonment of less than 20 years. This guideline carries a Base Offense Level of 6.

7.     Pursuant to U.S.S.G. § 2B1.1(b)(1)(G), CASTILLO is subject to a 12-level enhancement because the total loss from the offenses was more than $250,000 but $550,000 or less.

8.     Thus, the applicable offense level is 18.

Grouping of Multiple Counts

9.     The two counts are grouped because they involve the same Guideline, U.S.S.G. § 2B1.1, and the offense level is determined largely on the basis of the total amount of harm or loss. *See* U.S.S.G. § 3D1.2(d).

10.     If CASTILLO establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a two-level reduction in his offense level.

11.     As of the date of this letter, CASTILLO has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses

charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if CASTILLO's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

12.    As of the date of this letter, CASTILLO has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in CASTILLO's offense level, pursuant to U.S.S.G. § 3E1.1(b), if the following conditions are met:  (a) CASTILLO enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that CASTILLO's acceptance of responsibility has continued through the date of sentencing and CASTILLO therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) CASTILLO's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13.    Accordingly, the parties agree that, depending on the sentencing Court's resolution of the open Guidelines issues noted above, the total Guidelines offense level (the "Total Offense Level") applicable to CASTILLO is:

a.    **15**; or

b.    **13**, if the Court finds that CASTILLO meets the criteria prescribed by U.S.S.G. § 4C1.1 and is therefore entitled to a two-level downward adjustment.

14.    Each party agrees not to advocate for any term of imprisonment outside the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance.

15.    If the term of imprisonment does not exceed 24 months, and except as specified in the next paragraph below, CASTILLO will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

- 2 -

16.    Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a)    Any proceeding to revoke the term of supervised release.

(b)    A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c)    An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).